UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-20454-CR-BECERRA

UNITED STATES OF AMERICA

v.

ALDO NESTOR MARCHENA,

        Defendant.
_____/

**CONSENT MOTION TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

The United States of America (the "United States") hereby moves the Court, with the express consent of the defendant, Aldo Nestor Marchena (Marchena), and the defendant's counsel, Jose Castaneda, Esq., to exclude all time from and including December 19, 2024, through April 7, 2025, pursuant to 18 U.S.C. § 3161.

In support of this motion, the parties state as follows:

1. On November 28, 2023, a grand jury sitting in the Southern District of Florida returned a five-count Indictment charging Marchena and codefendants Carl Alan Zaglin (Zaglin) and Francisco Roberto Cosenza Centeno (Cosenza) with, Conspiracy to Violate the FCPA in violation of 18 U.S.C. § 371 (against Zaglin and Marchena); felony violation of the FCPA in violation of 15 U.S.C. § 78dd-2 (against Zaglin); Conspiracy to Commit Money Laundering in violation of 18 U.S.C. § 1956(h) (against all defendants); and Money Laundering in violation of 18 U.S.C. §§ 1956 and 1957 (against Marchena and Cosenza). (Dkt. No. 3.)

2. The Indictment alleges an approximately five-year-long scheme to launder bribe payments to Honduran government officials, including Cosenza, for the benefit of, *inter alia*, Zaglin and a company he controlled, referred to in the Indictment as Georgia Company 1.

3. At the time of the Indictment, Marchena was in custody in Colombia. Marchena had previously fled the United States in advance of serving a period of incarceration in connection with *United States v. Aldo Marchena*, 19-20622-CR (S.D. Fla.).

4. Marchena was lawfully extradited to the United States.

5. On November 1, 2024, Marchena had his Initial Appearance on the Indictment.

6. Trial in this matter is currently scheduled to begin April 7, 2025.

7. The Speedy Trial Act requires, *inter alia*, that in a case in which a plea of not guilty is entered, the trial shall commence within seventy days from the defendant's appearance before a judicial officer. 18 U.S.C. § 3161(c)(1). However, if the trial judge determines that the "ends of justice" served by a continuance outweigh the interest of the public and the defendant in a speedy trial, the delay occasioned by such continuance is excluded from the Act's time limits. 18 U.S.C. § 3161(h)(7)(A). The factors "a judge shall consider in determining whether to grant a continuance" include whether "the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself[.]" 18 U.S.C. § 3161(h)(7)(B)(ii). In addition, the Speedy Trial Act specifically states that "[a] reasonable period of delay" should be excluded "when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6).

8. The parties jointly request that all time from and including December 19, 2024, through April 7, 2025, be excluded in computing the time within which a trial must commence pursuant to 18 U.S.C. § 3161(h). The additional time is necessary in this case due to the need for time for defense counsel to review voluminous discovery with the defendant, prepare and file motions, if desirable, and effectively prepare for trial taking into account the exercise of due

diligence, all of which are in the interests of justice and outweigh the best interests of the public and the defendant in a speedy trial.

9.  Marchena hereby agrees to waive any objections under the Speedy Trial Act for the time period specified in this motion. This waiver is made knowingly, intentionally, and voluntarily by the defendant; with full knowledge of the provisions of the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*; and with the advice and consent of defense counsel.

WHEREFORE the parties request that all time from and including December 9, 2024, through April 7, 2025, shall be excluded in computing the time within which a trial must commence pursuant to 18 U.S.C. § 3161(h).

Respectfully submitted,

| | |
|---|---|
| GLENN S. LEON<br>CHIEF, FRAUD SECTION<br>CRIMINAL DIVISION<br>U.S. DEPARTMENT OF JUSTICE | MARKENZY LAPOINTE<br>UNITED STATES ATTORNEY<br>SOUTHERN DISTRICT OF FLORIDA |
| BY: */s/ Peter L. Cooch*<br>Peter L. Cooch<br>Anthony Scarpelli<br>Trial Attorneys<br>1400 New York Avenue, NW<br>Washington, DC 20005<br>(202) 924-6259<br>Email: Peter.Cooch@usdoj.gov<br>Email: Anthony.Scarpelli2@usdoj.gov | BY: */s/ Eli S. Rubin*<br>Eli S. Rubin<br>Assistant United States Attorney<br>Court ID No. A5503535<br>99 N.E. 4th Street<br>Miami, Florida 33132<br>(305) 961-9247<br>Email: Eli.Rubin@usdoj.gov |

<u>Defendant's Signature</u>: I have consulted with my attorney and fully understand all of my rights with respect to a speedy trial under 18 U.S.C. § 3161. I agree that all time from and including December 19, 2024, through April 7, 2025, should be excluded in computing the time within which the trial in this case must commence for the reasons stated in the motion. I have read this motion and carefully reviewed every part of it with my attorney. I understand this motion and voluntarily agree to it.

Date: 12/20/2024

ALDO NESTOR MARCHENA

<u>Defense Counsel's Signature</u>: I am counsel for the defendant in this case. I have fully explained to the defendant his right to a speedy trial under 18 U.S.C. § 3161. I have reviewed the terms and conditions of 18 U.S.C. § 3161 and I have fully explained to the defendant the provisions that may apply in this case. To my knowledge, the defendant's decision to agree to the requested exclusion of time under the Speedy Trial Act is an informed and voluntary one.

Date: 12-20-24

JOSE O. CASTANEDA, ESQ.
COUNSEL FOR DEFENDANT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 20, 2024, I electronically filed the foregoing with the Clerk of the Court using CM/ECF.

Eli S. Rubin
Assistant United States Attorney