UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. <u>23-20454-CR-BECERRA</u>

UNITED STATES OF AMERICA

vs.

CARL ALAN ZAGLIN,

               **Defendant.**

_____/

<u>**DEFENDANT ZAGLIN'S MOTION FOR JUDGMENT OF ACQUITTAL**</u>

Defendant Carl Zaglin respectfully moves for judgment of acquittal as to all of the charges against Defendant in the Government's Indictment pursuant to Federal Rule of Criminal Procedure 29. "[A]fter the government closes its evidence," a court faced with a defense motion "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a).

> Guilt in a criminal case must be proved beyond a reasonable doubt and by evidence confined to that which long experience in the common-law tradition, to some extent embodied in the Constitution, has crystallized into rules of evidence consistent with that standard. These rules are historically grounded rights of our system, developed to safeguard men from dubious and unjust convictions, with resulting forfeitures of life, liberty and property.

*Brinegar v. United States*, 338 U.S. 160, 174, 69 S. Ct. 1302 (1949). "[T]he government is required to prove beyond a reasonable doubt each element of a criminal offense, [cit.] and the failure to do so is fatal to the case." *United States v. McLean*, 802 F.3d 1228, 1231 (11th Cir. 2015) (internal citation omitted) (citing *United States v. Gaudin*, 515 U.S. 506 (1995)).

Specifically, Mr. Zaglin submits that the prosecution has failed to present evidence to support jury findings beyond a reasonable doubt:

1

- That Mr. Zaglin committed any offense against the United States for the purposes of conspiracy to defraud the United States pursuant to 18 U.S.C. § 371;

- That Mr. Zaglin corruptly and willfully used the mails or instrumentalities of interstate commerce in order to offer or promise to pay money or offer something of value to a Honduras official in relation to a potential contract for Atlanco, LLC, to provide uniforms or accessories to the Honduran National Police; or

- That Mr. Zaglin knowingly agreed to enter a conspiracy to engage in monetary transactions either involving the proceeds of specified unlawful activity, or to promote the carrying on of specified unlawful activity.

### I. There Is Insufficient Evidence Concerning Any Offense Against the United States and Therefore Mr. Zaglin's Intent to Conspire to Defraud the United States

The Government has charged Mr. Zaglin with conspiracy to violate the Foreign Corrupt Practices Act in violation of 18 U.S.C. § 371 in Count 1 of its Indictment. *See* Dkt. # 3. Section 371, entitled "Conspiracy to commit offense or to defraud United States," states:

> If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

18 U.S.C. § 371. "The conspiracies criminalized by § 371 are defined not only by the nature of the injury intended by the conspiracy, and the method used to effectuate the conspiracy, but also—and most importantly—by the *target* of the conspiracy." *Tanner v. United States*, 483 U.S. 107, 130 (1987) (emphasis in original). The Section "reaches 'any conspiracy for the purpose of impairing, obstructing, or defeating the lawful function of any department of government.'" *Dennis v. United States*, 384 U.S. 855, 861 (1966) (quoting *Haas v. Henkel*, 216 U.S. 462, 479 (1910); *United States v. Johnson*, 383 U.S. 169, 172 (1966); citing *Lutwak v. United States*, 344 U.S. 604 (1953); *Glasser*

2

*v. United States*, 315 U.S. 60, 66 (1942); *Hammerschmidt v. United States*, 265 U.S. 182, 188 (1924); Goldstein, *Conspiracy to Defraud the United States*, 68 Yale L.J. 405, 414-441, 455-458 (1959)); *accord United States v. Elbeblawy*, 899 F.3d 925, 938–939 (11th Cir. 2018) (quoting *Haas*, at 479; citing *Dennis*, 384 U.S. at 861).

The Government has expressly charged that Mr. Zaglin conspired with Aldo Marchena and others "to commit an offense against the United States…" Dkt. # 3, p. 7. However, it has presented *no* evidence whatsoever at trial that the charged offenses had any impact on any function of any department of government. The Government has presented the testimony of (1) Loren Simpson, the former President of Tactical Products Group; (2) Gabriela Salgado Pagoaga, former Alternative Director for the Technical Committee of the Comité Técnico del Fideicomiso para la Administracion del Fondo de Proteccion y Seguridad Poblacional (TASA); (3) Donna Williams, Fraud Analyst for American Airlines; (4) alleged co-conspirator Bryan Berkman; (5) David Keyes, a Police Officer with the Highland Beach Police Department and a Task Force Officer for Homeland Security Investigations, (4) alleged co-conspirator Aldo Marchena; (6) alleged co-conspirator Luis Berkman and (7) alleged co-conspirator Juan Molina. The only references to any United States governmental function in the entirety of the evidence presented by the Government has been by convicted felon Luis Berkman to the United States State Department's International Narcotics and Law Enforcement Affairs Section (INL) program in 2019. Berkman stated that he and his co-conspirator Steve Ortiz traveled to Honduras in 2019 where Berkman made a presentation on the INL program for a project involving Honduran government funds and INL funds. *See* Dkt. # 212, pp. 23-24, 30-31. There is no evidence, however, that Atlanco, LLC, was awarded any contract by the government of Honduras in 2019. The Government has failed to either

present or introduce any evidence that any function of the United States government was impaired, obstructed or defeated during any of the conduct charged in the Indictment.

A defendant's conviction for alleged conspiracy under Section 371 was reversed by the Court of Appeals in *United States v. Mendez*, 528 F.3d 811 (11th Cir. 2008) (*per curiam*) on the ground that the United States was not the target of the defendant's crime, *id.* at 817. The defendant in *Mendez* was charged and convicted under Section 371 for obtaining a State of Florida commercial driver's license (CDL) using a forged form purporting to be from the Department of the Army. *Id*. at 813. There was no evidence that Mendez knew the purpose of the Army form, and Mendez appealed, arguing that the record did not contain sufficient evidence of his intent to defraud the United States under Section 371. *Id*. at 813, 814. The Court of Appeals found that there was no evidence that Mendez "even knew the federal government was in involved in the issuance of Florida CDLs, let alone that the United States was the ultimate intended target of Mendez's conduct." *Id*. at 815. It concluded that "there was no basis for the district court to find that Mendez was guilty beyond a reasonable doubt of defrauding the United States under 18 U.S.C. § 371." *Id*. at 815-816; *see also United States v. Vanegas*, 294 F. Appx. 537, 540 (11th Cir. 2008) (*per curiam*; unpublished) (vacating the defendant's conviction for conspiracy to defraud the United States where, "only by mere speculation could one conclude from this evidence that Vanegas knew the United States would be defrauded by his obtaining a CDL"). Similarly, in a prosecution under Section 371 in which the "government [ ] failed to demonstrate interference with any of its lawful functions," *United States v. Porter*, 591 F.2d 1048, 1056 (5th Cir. 1979), the former Fifth Circuit Court of Appeals reversed the defendant's conviction, finding that "the indictment failed to charge a conspiracy to defraud the United States and that the government failed to prove any such conspiracy at trial," *id*. at 1057.

Following Mendez, the Government has presented insufficient evidence that Mr. Zaglin possessed knowledge that any function of the United States was involved in the Honduran transactions. There is therefore insufficient evidence that Mr. Zaglin possessed any intent to commit an offense against the United States for the purposes of Section 371. As an appellate court in another Circuit has recognized, the final version of the Foreign Corrupt Practices Act of 1977, 15 U.S.C. §§ 78dd-1 *et seq*. (FCPA) passed by Congress in 1977 "named particular categories of individuals who would be liable under the FCPA rather than relying on the use of conspiracy and complicity principles to create such liability." *United States v. Hoskins*, 902 F.3d 69, 89 (2d Cir. 2018) (citing Foreign Corrupt Practices Act, Pub. L. No. 95-213, §§ 103(a), 104(b)(3)(a), 91 Stat. 1494, 1495, 1497); *see also United States v. Castle*, 925 F.2d 831, 835 (5th Cir. 1991) (finding that in passing the FCPA, Congress intended that foreign officials would be covered by the statute "without resort to the conspiracy statute"). The Government's use of the conspiracy to defraud the United States charge under Section 371 to charge a "Conspiracy to Violate the Foreign Corrupt Practices Act" has accordingly been misconceived. Insufficient evidence has been introduced for the jury to find beyond a reasonable doubt that Mr. Zaglin conspired to commit any offense against the United States, and Mr. Zaglin is entitled to judgment of acquittal on Count 1 of the Indictment.

## II. There Is Insufficient Evidence Concerning Essential Elements of Count 2 and Count 3

The Government has similarly failed to establish beyond a reasonable doubt essential elements of its substantive FCPA charge against Mr. Zaglin in Count 2, and its money laundering conspiracy charge in Count 3. Insufficient evidence has been presented for the jury to find beyond a reasonable doubt that Mr. Zaglin "corruptly and willfully" made use of the mails or instrumentalities of interstate commerce in furtherance of an offer, payment, promise to pay, and authorization of the payment of any money, offer, gift, promise to give and authorization of the

fiving of anything of value, while knowing that all or part of such money or thing of value would be and had been offered, given, or promised to a foreign official in relation to Atlanco's 2019 bid for a uniforms contract with Honduras. *See* Dkt. # 3, pp. 7-8. The only evidence presented by the Government concerning the submission of Atlanco's bid for the 2019 contract is Luis Berkman testimony that he was the one submitted the bid. *See* Dkt. # 212, pp. 137. Berkman was asked when he submitted the bid, and did not remember. *Id*. The Government introduced no other evidence surrounding the circumstances of the submission of the 2019 bid. The evidence presented is insufficient to support a finding by the jury beyond a reasonable doubt that Mr. Zaglin corruptly and willfully made use of the mails or instrumentalities of interstate commerce in furtherance of an offer or promise to pay money or give anything of value to a foreign official in relation to the 2019 Honduran contract.

Similarly, the evidence is insufficient to support a finding beyond a reasonable doubt as to essential elements of the Government's conspiracy to commit money laundering charge. Failure to introduce evidence to sustain a conviction of money laundering conspiracy on each element of the offense constitutes grounds for reversal. *See United States v. Adams*, 625 F.3d 371, 382 (7th Cir. 2010) ("Our review of the trial record confirms that the evidence would not permit a reasonable finder of fact to find each of the elements of the money laundering conspiracy charge proven beyond a reasonable doubt. Adams is therefore entitled to a judgment of acquittal…").

Insufficient evidence has been introduced during trial to establish beyond a reasonable doubt that Mr. Zaglin knowingly agreed to a conspiracy either to conduct transactions involving the proceeds of alleged specified unlawful activity, or to promote the carrying on of alleged specified unlawful activity. The unrebutted evidence introduced in the trial of this case demonstrates that Honduran officials awarded the contracts for uniforms and accessories for the

Honduran National Police in 2015 and 2016 prior to Mr. Zaglin's payments to Achieve GEA pursuant to the 2015 and 2017 brokerage. The payments did not constitute alleged bribes and therefore alleged specified unlawful activity within the meaning of 18 U.S.C. § 1956(c)(7). Mr. Zaglin therefore prays that the Court grant judgment of acquittal as to the alleged money laundering conspiracy charge in Count 3 of the Indictment. *See United States v. Newton*, 44 F.3d 913, 922 (11th Cir. 1994) (concluding that the government's evidence was insufficient to convict the defendant for money laundering conspiracy and reversing his convictions, finding that "[t]he record fails to show that [the defendant] knew that [the] money was obtained through illegal means or that [the defendant] profited from the transaction in any way").

## CONCLUSION

Based on the grounds and authorities set forth herein, Defendant Carl Zaglin respectfully requests that the Court grant Defendant's Motion for Judgment of Acquittal pursuant to Federal Rule of Criminal Procedure 29 as to Counts 1, 2 and 3 of the Government's Indictment.

Respectfully submitted, this 10th day of September, 2025.

        Robert M. Perez, P.A.
        Counsel for Defendant Carl Zaglin
        3162 Commodore Plaza, Suite 3E
        Coconut Grove, Florida 33133
        (305) 598-8889 - Office
        E-mail: rperez@rmplawpa.com

        S/Robert M. Perez..................
        ROBERT M. PEREZ
        Florida Bar Number: 477494

        */s/ Craig A. Gillen*  
        Craig A. Gillen, Esq.  
        */s/ Anthony C. Lake*  
        Anthony C. Lake, Esq.  
        Counsel for Defendant Carl Zaglin  
        GILLEN LAKE & CLARK LLC  
        400 Galleria Parkway  
        Suite 1920  
        Atlanta, Georgia 30339  
        Telephone: (404) 842-9700  
        Fax: (404) 842-9750  
        Email: cgillen@glcfirm.com  
              aclake@glcfirm.com

        Counsel for Mr. Carl Zaglin

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically via CM/ECF on this 10th day of September, 2025.

        Robert M. Perez, P.A.  
        Counsel for Defendant Carl Zaglin  
        3162 Commodore Plaza, Suite 3E  
        Coconut Grove, Florida 33133  
        (305) 598-8889 - Office  
        E-mail: rperez@rmplawpa.com

        S/Robert M. Perez..................  
        ROBERT M. PEREZ  
        Florida Bar Number: 477494

        Counsel for Mr. Carl Zaglin