**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 23-CR-20454-BECERRA**

**UNITED STATES OF AMERICA**

**v.**

**ALDO NESTOR MARCHENA,**

       **Defendant.**

## PRELIMINARY ORDER OF FORFEITURE

THIS MATTER is before the Court upon motion of the United States for entry of a Preliminary Order of Forfeiture ("Motion") against Defendant Aldo Nestor Marchena (the "Defendant"). The Court has considered the Motion, is otherwise advised in the premises, and finds as follows:

On June 4, 2025, the United States filed a Superseding Information charging the Defendant in Count 1 with conspiracy to commit money laundering in violation of 18 U.S.C. §§ 1956(h) and 1957. Superseding Information, ECF No. 135. The Superseding Information also contained forfeiture allegations, which alleged that upon conviction of a violation of 18 U.S.C. §§ 1956(h) and 1957, the Defendant shall forfeit any property, real or personal, involved in such offense and any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1). *See id.* at 2.

On June 5, 2025, the Court accepted the Defendant's guilty plea to Count 1 of the Superseding Information. *See* Minute Entry, ECF No. 137; Plea Agreement ¶ 2, ECF. No. 140. As part of the guilty plea, the Defendant agreed to forfeit any property, real or personal, involved in such offense and any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1). Plea Agreement ¶ 16, ECF. No. 140

In support of the guilty plea, the Defendant executed a Factual Proffer, and the Court found that there was a factual basis to support the Defendant's conviction. *See* Factual Proffer, ECF. No. 139. The Factual Proffer also provided a basis for the forfeiture of property. *See id.* at ¶¶ 30, 33. The United States Probation Office has since conducted a presentence investigation, which included information on the Defendant's financial condition. *See* Presentence Investigation Report, ECF. No. 266.

As set forth in the Factual Proffer, ECF No. 139, the Defendant received approximately $2,456,131.39 from Georgia Company 1 into Florida Company 1 accounts for a Second Uniform Contract. *Id.* at ¶¶ 26, 30. Of those funds, pursuant to his agreement with Zaglin and others, the Defendant kept approximately $122,806.57 for himself, and wired remaining funds, at least in part, as bribes and kickbacks for the benefit of others. *Id.* at ¶ 30. Using the proceeds from the First and Second Uniform Contracts as discussed in the Factual Proffer, ECF No. 139, the Defendant sent bribes in the form of multiple transfers. *Id.* at ¶ 31. In addition, during the course of the scheme, the Defendant sent payments to accounts controlled by an individual in the United States, and on at least one occasion, in or around May 25, 2017, gave that individual $98,500 in U.S. currency in cash, for which the Defendant charged a fee of $9,850. *Id.* at ¶ 33. These two amounts that the Defendant kept for himself, $122,806.57 and $9,850, add up to $132,656.57, the amount of the forfeiture money judgment sought.

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, the Motion is **GRANTED**, and it is hereby **ORDERED** that:

1.      Pursuant to 18 U.S.C. § 982(a)(1), and Rule 32.2 of the Federal Rules of Criminal Procedure, a forfeiture money judgment in the amount of $132,656.57 is hereby entered against the Defendant.

2

2.      The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

3.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to the Defendant.

4.      The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

**DONE AND ORDERED** in Miami, Florida, this 30th day of October 2025.

_____
JACQUELINE BECERRA
UNITED STATES DISTRICT JUDGE