UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CR-20454-BECERRA

UNITED STATES OF AMERICA

v.

CARL ALAN ZAGLIN,

Defendant.

## PRELIMINARY ORDER OF FORFEITURE

THIS MATTER is before the Court upon motion of the United States for entry of a

Preliminary Order of Forfeiture ("Motion") against Defendant Carl Alan Zaglin (the "Defendant").

The Court has considered the Motion, is otherwise advised in the premises, and finds as follows:

On November 28, 2023, a federal grand jury returned an Indictment charging the Defendant

in Count 1 with conspiracy to violate the Foreign Corrupt Practices Act (FCPA) under 18 U.S.C.

§ 371 and 15 U.S.C. § 78dd-2, in Count 2 with violation of the FCPA under 15 U.S.C. § 78dd-2,

and in Count 3 with conspiracy to commit money laundering under 18 U.S.C. § 1956(h) and 18

U.S.C. §§ 1956(a)(1)(B)(i) and 1956(a)(2)(A). Indictment, ECF No. 3. The Indictment also

contained forfeiture allegations that upon conviction of, or a conspiracy to commit, a violation of

15 U.S.C. § 78dd-2, the Defendant shall forfeit to the United States any property, real or personal,

which constitutes or is derived from proceeds traceable to such offense, pursuant to 18 U.S.C. §

981(a)(l)(C). *Id.* at 21. Further, the Indictment contained forfeiture allegations that upon conviction

of a violation of 18 U.S.C. § 1956(h), the Defendant shall forfeit to the United States any property,

real or personal, involved in such offense, and any property traceable to such property, pursuant

to 18 U.S.C. § 982(a)(1).

On September 15, 2025, after trial the jury returned a verdict convicting the Defendant of Count 1, conspiracy to violate the FCPA, Count 2, violation of the FCPA, and Count 3, conspiracy to commit money laundering, with the objects of concealment money laundering and international promotional money laundering. *See* Trial Minute Entries, ECF. Nos. 197, 201, 204, 208, 211, 214, 219, 225, 226, 229; Jury Verdict, ECF. No. 233. The United States Probation Office has since conducted a presentence investigation. *See* Presentence Investigation Report, ECF. No. 277.

The facts supporting forfeiture are set forth in the Presentence Investigation Report, ECF No. 277, and established at trial. Between 2015 and 2019, the Defendant was the Chief Executive Officer and majority owner of Atlanco, LLC, a tactical goods manufacturer (herein Atlanco). *Id.* at ¶¶ 13, 106. Atlanco was a limited liability company based in Marietta, Georgia, that owned and operated a factory in Honduras that manufactured law enforcement uniforms. *Id.* at ¶ 12, 106.

Beginning in or around March 2015, the Defendant and others agreed to pay, and did pay, bribes to Honduran government officials, which included but was not limited to Juan Ramon Molina Rodriguez and Francisco Roberto Cosenza Centeno, to secure and receive payment under lucrative contracts with the Honduran government, in violation of the FCPA, and U.S. and Honduran law. *Id.* at ¶ 18. Thereafter, the Defendant conspired to launder contract proceeds and bribe payments. *Id.* at ¶ 22.

TASA, the Comite Tecnico del Fideicomiso para la Administracion del Fondo de Proteccion y Seguridad Poblacional, was a Honduran government agency responsible for procuring uniforms and other materials for the Honduran National Police. *Id.* at ¶ 7. In exchange for the bribes, Honduran government officials assisted Atlanco in securing contracts with and receiving payment from TASA. *Id.* at ¶ 18.

In June 2015, Atlanco entered its first government contract with TASA to provide the

2

Honduran National Police with uniforms, known as the First Uniform Contract. *Id.* at ¶ 20. Ultimately, Atlanco received $4,960,704 in payment from TASA for the First Uniforms Contract. ECF No. 218 at 75; GX 651; PSR, ECF No. 277 at ¶ 27.

Upon entering the First Uniforms Contract, the Defendant recruited Aldo Nestor Marchena to pay bribes by laundering part of the First Uniforms Contract's proceeds. PSR, ECF No. 277 at ¶ 21-22; ECF No. 287 at 2. The Defendant, Marchena, and others created and executed sham contracts and fraudulent invoices to conceal the scheme and launder funds through Marchena. PSR, ECF No. 277 at ¶¶ 22, 37. The Defendant, Marchena, and others used the funds to make bribe payments to Honduran government officials. PSR, ECF No. 277 at ¶ 22. The Defendant directed 25.4% of First Uniforms Contract payments, approximately $1,260,018, to Marchena for, *inter alia*, the purpose of paying bribes. PSR, ECF No. 277 at ¶ 31.

In October 2016, Atlanco entered its second government contract with TASA, known as the Second Uniforms Contract. *Id.* at ¶ 32. Ultimately, Atlanco received $5,695,774 in payment from TASA for the Second Uniforms Contract. ECF No. 218 at 75; GX 651; PSR, ECF No. 277 at ¶ 33. The Defendant directed 21% of Second Uniforms Contract payments, approximately $1,196,112, to Marchena for the purpose of, *inter alia*, paying bribes. PSR, ECF No. 277 at ¶¶ 34-35.

Atlanco entered into, and was paid on, two smaller contracts with the Honduran government in 2019.

In sum, during the offense conduct period, Altanco entered into two large contracts with TASA for which TASA paid Atlanco approximately $10,656,478 in U.S. currency. ECF No. 218 at 75; GX 651; PSR, ECF No. 277 at ¶¶ 27, 33. Of those amounts, the Defendant directed approximately $2,456,130 to Marchena with which to pay bribes. The Defendant and the United

3

States agree that the amount involved in Count 3's laundering offense attributable to the Defendant for forfeiture purposes is $2,019,038 in U.S. currency.

Because the forfeiture of property, real or personal, involved in the money laundering violation for Count 3 necessarily encompasses the same forfeiture of proceeds for Counts 1, and 2, the United States seeks forfeiture for Count 3.

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, the Motion is **GRANTED**, and it is hereby **ORDERED** that:

1.      Pursuant to 18 U.S.C. § 982(a)(1), 21 U.S.C. § 853, and Rule 32.2 of the Federal Rules of Criminal Procedure, a forfeiture money judgment in the amount of $2,019,038 is hereby entered against the Defendant.

2.      The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

3.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to the Defendant.

4.      The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

**DONE AND ORDERED** in Miami, Florida, this _2nd_ day of _December_ 2025.

_____
JACQUELINE BECERRA
UNITED STATES DISTRICT JUDGE

4